**Noel H. SAUCIER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 54319.

Court of Criminal Appeals of Texas,
Panel No. 3.

April 12, 1978.

Gregory L. Hennig, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Terry G. Wilson, Asst. Dist. Attys., Houston, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment, enhanced under V.T.C.A., Penal Code Sec. 12.-42(d), was fixed at life.

In his sixth ground of error appellant contends the trial court committed reversible error when it approved the record without including the final arguments of counsel at the guilt stage of the trial. Elsewhere in his brief appellant complains of the State's jury argument.

On May 25, 1976, notice of completion of the record was mailed to counsel. Counsel filed his objections to the record on June 9, listing several items that were not included. On July 16 the judge sustained appellant's objections and ordered the additions sought by those objections "be granted in full." The record on appeal next contains many of the matters requested in appellant's objection and ordered included by the trial court. The jury argument, however, was not added to the record even though it was listed in the objection sustained by the trial court. On August 24 the record was approved without the jury argument.

In view of appellant's objection to the record, the trial court's order sustaining that objection and ordering inclusion of the jury argument, and the failure of the record to include such argument or to reflect why it was not included, we will abate this appeal. The trial court either shall have the record of the jury argument prepared and sent to this Court by the clerk or shall have prepared by the clerk or the court a certificate stating why such material was not added to the appellate record in compliance with the trial court's order of July 16. Such record or certificate shall be sent to this Court as a supplemental record in this cause.

The appeal is abated.